# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 03-CR-004-001-JHP |
| JAMES MONTGOMERY, | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

On May 30, 2003, defendant was sentenced to imprisonment and further ordered to a pay special assessment $100, and a fine of $1,000. Interest was waived on the fine. As of December 27, 2012, defendant had an $800 balance with the last payment received in 2006. On August 13, 2012, defendant filed a Motion to Waive or Dissolve Fine (Dkt. # 27), arguing that he is currently serving a sixty-three year term of imprisonment with the State of Oklahoma and that the fine imposed in the instant case produces an extreme hardship upon himself due to no financial support. Further, defendant argues that the fine forces him to do without necessary toiletries and hygiene products. Defendant requests that the Court waive or dissolve the fine in the instant case or in the alternative waive interest and half of the fine. On August 31, 2012, the government filed a response entitled United States's Response to Defendant's Motion to Waive or Dissolve (Dkt. # 28) wherein the government asserts that defendant has not exhausted all of his administrative remedies with the Oklahoma Department of Corrections and urges defendant's Motion be denied. On September 10, 2012, defendant filed a reply to the government's response entitled Motion Objecting to United States of America's Response to Defendant's Motion to Waive or Dissolve (Dkt. # 29) wherein

defendant argues that his initial motion is not an administrative issue with the Oklahoma Department of Corrections, but a court matter in which the Court has the jurisdiction and authority to waive and/or vacate in part of all costs associated with the instant case.

Defendant's Motion is not a request for modification of the fine payment schedule under 18 U.S.C. § 3572(d)(3), which permits either party to seek modification of a payment schedule. Defendant has moved for remission of the fine which, pursuant to 18 U.S.C. § 3573, only the United States may seek by showing that reasonable collection efforts are not likely to be effective. See United States v. Linker, 920 F.2d 1 (7th Cir. 1990); and United States v. Seale, 20 F.3d 1279, 1786 (3rd Cir. 1994). The aforementioned statute reflects an intent to assure that fines are collected. A fine is intended to be punitive and to reflect a defendant's eventual ability to pay, as is the case here. If the defendant's economic circumstances should change, the Court may adjust the payment schedule, but is without jurisdiction to waive or remit the fine absent a showing by the United States that collection efforts will prove fruitless.

**IT IS THEREFORE ORDERED** that defendant's request for remission of fine (Dkt. # 27) is **denied**.

**IT IS SO ORDERED** this 3rd day of January, 2013.

James H. Payne
United States District Judge
Northern District of Oklahoma